# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELBOW ENERGY, LLC, | No. |
| Plaintiff, | **Electronically Filed** |
| vs. | |
| EQUINOR USA ONSHORE PROPERTIES INC. | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Equinor USA Onshore Properties Inc. ("Equinor") files this Notice of Removal, removing the above-captioned case from the Court of Common Pleas of Lycoming County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. In support of removal, Equinor states as follows:

## Statement of Removal

1. Plaintiff commenced the above-captioned action by filing a Complaint that was docketed at Case No. 19-1598.

2. The Complaint was served on Equinor on October 3, 2019.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached and incorporated by reference as **Exhibit 1**. No other

proceedings have occurred in state court, and no other pleadings, process, or orders have been served upon Equinor.

4. Equinor has not filed any responsive pleadings in the Court of Common Pleas of Lycoming County, Pennsylvania.

**Removal Allegations**

5. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).

6. Further, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." *See* 28 U.S.C. § 1332(a).

7. Because this case involves claims whose value exceed the sum of $75,000.00, exclusive of interests and costs, and because the case arises between citizens of different states, it lies within the original subject matter jurisdiction of this Court, pursuant to 28 U.S.C. § 1332(a).

8. In removing this matter to this Court, Equinor does not intend to waive any defenses it may have to the action, including, but not limited to, improper service, personal jurisdiction, or improper venue.

**Complete Diversity of Citizenship Exists Between Plaintiff and Equinor**

9. There is complete diversity between Plaintiff and Equinor.

10. The Complaint alleges that Plaintiff is a limited liability company organized and existing under Pennsylvania law with a place of business at 2510 8th Street Drive, PA 17777. *See* Complaint, ¶ 1.

11. The citizenship of partnerships and limited liability companies "is determined by the citizenship of [their] partners or members." *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

12. Upon information and belief, and based on reasonable investigation, Elbow Energy has forty-seven (47) members. *See* Elbow Energy Member List, attached as **Exhibit 2**.

13. Upon information and belief, and based on reasonable investigation, forty-two (42) of those members have home addresses in Pennsylvania. *See id.*

14. Upon information and belief, Elbow Energy has one member each with home addresses in: Kansas, Ohio, New York, North Carolina, and South Carolina. *See id.*

15. Accordingly, Elbow Energy, LLC is a citizen of Pennsylvania, Kansas, Ohio, New York, North Carolina, and South Carolina.

16. Equinor is a Delaware corporation with its principal place of business in Texas. Accordingly, Equinor is a citizen of Delaware and Texas.

17. Therefore, complete diversity of citizenship exists between Plaintiff and Equinor.

**Amount in Controversy**

18. The Complaint seeks express monetary damages in the form of compensatory damages and prejudgment interest, along with "other relief as the Court deems appropriate."

19. The Complaint asserts two claims: Count I, for "damages for breach of contract" and Count II, a "claim for an accounting."

20. Count I seeks damages for Equinor's alleged underpayment of royalties for the production months of August, 2017 to December, 2018. *See* Complaint, ¶¶ 38-39.

21. Plaintiff claims that it is entitled to "damages in the amount of $64,961, together with pre-judgment interest as permitted under Pennsylvania law and such other relief as the Court deems appropriate." *See* Complaint, Count I, WHEREFORE Clause.

22. Count II of the Complaint seeks an accounting – asking the Court to "enter a decree requiring Defendant Equinor and its affiliate ENG to provide the

accounting and produce the documents" previously demanded by Plaintiff in September 19, 2018 and March 7, 2019 letters. *See* Complaint, ¶ 57.

23. Plaintiff's September 19, 2018 letter seeks among other things, "all documents that refer to the profits earned by Equinor or its affiliates on transactions involving Elbow Energy's gas, including any profits earned on subsequent sales of the same gas to third parties or to affiliates of Equinor at prices higher than the prices shown on the royalty statement sent to landowners such as Elbow Energy." Complaint, Exhibit G, p. 4.

24. Plaintiff's March 7, 2019 letter reiterates their request for documents regarding prices received by Equinor in order to calculate alleged damages.

25. Essentially, Plaintiff's Count II for "Accounting" seeks documents necessary for Plaintiff to update the damage calculation from Count I, which stops at December, 2018 for the production months of January, 2019 to the present.

26. A determination of the amount in controversy starts with a reading of the complaint filed in the state court as of the time the notice of removal was removed. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

27. When a complaint does not seek damages in a precise monetary amount, the district court may look to the notice of removal and make an independent evaluation of the claim from the record before it. *See Angus v. Shiley,*

*Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quotations omitted).

28. The amount in controversy must be shown by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2). Preponderance of the evidence means "proof to a reasonable probability that jurisdiction exists." *Frederico*, 507 F.3d at 196 n. 6 (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

29. Where a plaintiff or plaintiffs have asserted two or more causes of action against a single defendant, the value of the claims is aggregated for the purposes of assessing the amount in controversy as to each plaintiff or plaintiffs. *See Hamm v. Allstate Property & Casualty Ins. Co.*, 908 F. Supp. 2d 656, 663-64 (W.D. Pa. 2012).

30. Accordingly, Plaintiff's claim in Count I seeking "$64,961, together with pre-judgment interest" may be aggregated with a "reasonable reading of the value of the rights being litigated" in Count II. *Werwinski*, 286 F.3d at 666.

31. It is unclear on the face of the Complaint why Plaintiff did not include production months after December, 2018 in its calculation of damages in Count I, other than as an artificial attempt to keep this claim under the $75,000.

32. While plaintiff is the "'master of the case' and may limit his claims ... to keep the amount in controversy below the [jurisdictional] threshold," "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir.2006). *See also De Aguilar v. Boeing, Co.*, 47 F.3d 1404, 1410 (5th Cir.1995) (noting "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading").

33. When asked if Plaintiff intends to limit its recovery for breach to only August, 2017 to December, 2018, and forego recovery for alleged damages relating to Equinor payments from January, 2019 to present, Plaintiff's counsel refused to stipulate to a limitation on damages. *See* 10/21/2019 Email, attached as **Exhibit 3**.

34. While evidence of a requested and rejected stipulation limiting damages may not be dispositive of the instant amount-in-controversy dispute, record evidence of Plaintiff's refusal to stipulate to damages below the jurisdictional threshold supports a defendant's assertion that plaintiff's claims are truly for more than the jurisdictional minimum amount. *See Heffner v. LifeStar Response of New*

*Jersey, Inc.*, 2013 WL 5416164, at *7 (E.D. Pa. Sept. 27, 2013) (citing *Lee v. Walmart, Inc.,* 237 F.Supp.2d 577, 580 (E .D.Pa.2002)).

35. A reasonable reading of Count II is that it seeks an accounting of documents related to Equinor's payment of royalties so that it may update its damages calculation for the production months of January, 2019 though the present.

36. Plaintiff's Count II will effectively increase Plaintiff's damages demand for every month in which this litigation continues. Plaintiff should not be permitted to avoid the jurisdiction of this Court by artificially truncating their express damage demand.

37. Plaintiff's claim for damages in the amount of $64,961 over seventeen production months (August, 2017 - December, 2018) seeks an average of approximately $3,821 per production month.

38. As of the time of this removal, at least nine additional production months (January, 2019 - September, 2019) are completed and will be subject to Plaintiff's "accounting" claim.

39. Accordingly, a "reasonable reading of the value of the rights being litigated" in Count II is at least $3,821 multiplied by nine production months for a total of $34,389.

40. Aggregated together, Plaintiff's claim in Count I seeking "$64,961, together with pre-judgment interest" and a reasonable reading of Count II totaling $34,389, equal $99,350, in excess of the $75,000 amount in controversy threshold required for this Court to exercise jurisdiction.

41. Even applying a more conservative $3,000 per month estimate applied to nine production months would total $27,000 and exceed $75,000 when aggregated with the $64,961 and pre-judgment interest sought by Plaintiff in Count I.

42. These estimates of amount in controversy in excess of $75,000 are supported by Plaintiff's refusal to stipulate that the damages sought for alleged breach of the Lease by Equinor are limited to the $64,961 figure expressly sought in Count I of the Complaint.

43. Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Equinor has met its burden of showing that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

## Removal Procedure

44. Removal of the above-captioned matter is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of

Removal is filed within 30 days of receipt of the Complaint by Equinor. *See supra*, ¶ 3.

45. Removal is properly made to the United States District Court for the Middle District of Pennsylvania, under 28 U.S.C. § 1441(a), because Lycoming County, where this action is pending, is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(c).

46. Equinor will file written notice of the filing of this Notice of Removal with the Prothonotary for the Common Pleas Court of Lycoming County, Pennsylvania, concurrently with the filing of this Notice of Removal, and will serve the same on Plaintiffs pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Equinor hereby removes this action from the Court of Common Pleas of Lycoming County, Pennsylvania and request that this action proceed as properly removed to this Court.

REED SMITH LLP

Dated: October 29, 2019

/s/ *Nicolle R. Snyder Bagnell*
Nicolle R. Snyder Bagnell
Pa. ID No. 87936

Thomas J. Galligan
Pa. ID No. 319487

Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

412-288-3131
nbagnell@reedsmith.com
tgalligan@reedsmith.com

*Counsel for Equinor USA Onshore Properties Inc.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by U.S. First Class Mail, postage-prepaid upon the following:

>Joseph C. Crawford, Esquire
>Hangley Aronchick Segal Pudlin & Schiller
>One Logan Square, 27th Floor
>Philadelphia, PA 19103

Dated: October 29, 2019 /s/ *Nicolle R. Snyder Bagnell*