# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

ELBOW ENERGY, LLC,                                No. 4:19-cv-1873-MWB

       Plaintiff,                              **Electronically Filed**

vs.

EQUINOR USA ONSHORE
PROPERTIES Inc.

       Defendant.

## DEFENDANT EQUINOR USA ONSHORE PROPERTIES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant Equinor USA Onshore Properties Inc. ("Equinor") files the following Answer and Affirmative Defenses to the Complaint:

## ANSWER

1. Equinor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 regarding the oil and gas lease (the "Lease") attached to the Complaint as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 2 of the Complaint state conclusions of law to which no response is required.

3. The allegations in Paragraph 3 of the Complaint are admitted in part and denied in part. Equinor is a Delaware corporation with its principal place of business at 6300 Bridge Point Pkwy, Austin TX 78730.

4. The allegations of Paragraph 4 of the Complaint state conclusions of law to which no response is required.

5. The allegations of Paragraph 5 of the Complaint state conclusions of law to which no response is required.

6. The allegations in Paragraph 6 regarding the oil and gas lease attached to the Complaint as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 6 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied. It is specifically denied that Equinor failed to comply with its obligations under the Lease.

7. The allegations in Paragraph 7 regarding the oil and gas lease attached to the Complaint as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 7 of the Complaint state conclusions of law to which no response is required.

8. After reasonable investigation, Equinor is without knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's conduct as described in Paragraph 8 of the Complaint.

9. Equinor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 describing royalty statements received by Plaintiff from Alta and Equinor purport to describe written documents which speak for themselves. The remaining allegations in Paragraph 10 are admitted in part and denied in part. Equinor admits that Plaintiff has provided Equinor with documents purporting to be monthly royalty statements Plaintiff received from Alta for the production months from August, 2017 to December, 2018. Equinor denies that the Alta statements provided by Plaintiff contain "fifteen (15) bona fide transactions per month" or "show that the prices obtained by Alta" "far exceed the prices shown on the Equinor monthly royalty statements."

11. Denied as stated. Equinor admits that Plaintiff has provided Equinor with documents purporting to be monthly royalty statements Plaintiff received from Alta for the production months from August, 2017 to December, 2018. Equinor denies that the Alta statements provided by Plaintiff "trigger Defendant Equinor's obligation to pay additional royalties under Section 14.1 of the Addendum to the Lease."

12. The allegations in Paragraph 12 regarding the oil and gas lease attached to the Complaint as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 12 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

13. The allegations in Paragraph 13 regarding the oil and gas lease attached to the Complaint as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 13 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

14. The allegations in Paragraph 14 regarding the oil and gas lease attached to the Complaint as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 14 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Equinor denies Plaintiff is entitled to the relief described in Paragraph 14.

15. The allegations of Paragraph 15 of the Complaint state conclusions of law to which no response is required.

16. Equinor lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint. Equinor admits only that it sells gas from wells on Plaintiff's property subject to the Lease.

17. The allegations of Paragraph 17 of the Complaint are admitted in part and denied in part. Equinor admits only that it sells gas produced from wells on Plaintiff's property subject to the Lease to Equinor Natural Gas LLC. Equinor denies that it "sets the price" at which it sells gas produced from the wells on

Plaintiff's property subject to the Lease. The remaining allegations of Paragraph 17 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

18. The allegations in Paragraph 18 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

19. Denied as stated. Equinor makes royalty payments to Plaintiff in accordance with the terms of the Lease. The remaining allegations in Paragraph 19 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

20. Admitted.

21. The allegations in Paragraph 21 regarding monthly royalty statements attached to the Complaint as Exhibit B purport to describe written documents which speaks for themselves.

22. The allegations in Paragraph 22 regarding monthly royalty statements attached to the Complaint as Exhibit B purport to describe written documents which speaks for themselves.

23. The allegations in Paragraph 23 regarding monthly royalty statements attached to the Complaint as Exhibit B purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 23 relate to

Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

24. The allegations in Paragraph 24 regarding monthly royalty statements attached to the Complaint as Exhibit B purport to describe written documents which speaks for themselves.

25. The allegations in Paragraph 25 regarding monthly royalty statements attached to the Complaint as Exhibit C purport to describe written documents which speaks for themselves. After reasonable investigation, Equinor is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 25.

26. The allegations in Paragraph 26 regarding monthly royalty statements attached to the Complaint as Exhibit C purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 26 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

27. The allegations in Paragraph 27 regarding monthly royalty statements attached to the Complaint as Exhibit C purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 27 of the Complaint state conclusions of law to which no response is required.

28. The allegations in Paragraph 28 regarding monthly royalty statements attached to the Complaint as Exhibits B and C purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 28 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

29. The allegations in Paragraph 29 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 29 of the Complaint state conclusions of law to which no response is required.

30. The allegations in Paragraph 30 regarding monthly royalty statements attached to the Complaint as Exhibit C purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 30 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

31. The allegations in Paragraph 31 regarding monthly royalty statements attached to the Complaint as Exhibit C purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 31 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

32. The allegations in Paragraph 32 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 32 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

33. The allegations in Paragraph 33 are denied to the extent they relate to Equinor. The remaining allegations of Paragraph 33 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

34. The allegations in Paragraph 34 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 34 of the Complaint state conclusions of law to which no response is required. The remaining allegations of Paragraph 34 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

35. The allegations in Paragraph 35 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 35 of the Complaint state conclusions of law to which no response is required.

36. The allegations in Paragraph 36 regarding a July 31, 2018 letter attached to the Complaint as Exhibit D purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 36 of the Complaint state conclusions of law to which no response is required.

37. The allegations in Paragraph 37 regarding a July 31, 2018 letter attached to the Complaint as Exhibit D purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 37 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

38. The allegations in Paragraph 38 regarding a July 31, 2018 letter attached to the Complaint as Exhibit D purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 38 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

39. The allegations in Paragraph 39 regarding a March 18, 2019 letter attached to the Complaint as Exhibit E purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 39 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

40. The allegations in Paragraph 40 regarding a September 6, 2018 letter attached to the Complaint as Exhibit F purport to describe a written document, which speaks for itself.

41. The allegations in Paragraph 41 regarding a September 19, 2018 letter attached to the Complaint as Exhibit G purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 41 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

42. The allegations in Paragraph 42 regarding a September 19, 2018 letter attached to the Complaint as Exhibit G purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 42 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Equinor denies Plaintiff is entitled to the relief described in Paragraph 42.

43. The allegations in Paragraph 43 regarding a March 7, 2019 letter attached to the Complaint as Exhibit H purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 43 of the Complaint state conclusions of law to which no response is required. The remaining allegations of Paragraph 43 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required. To the

extent a response is required, Equinor denies Plaintiff is entitled to the relief described in Paragraph 43.

44. The allegations in Paragraph 44 regarding a March 7, 2019 letter attached to the Complaint as Exhibit H purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 44 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Equinor denies Plaintiff is entitled to the relief described in Paragraph 44.

45. Denied as stated. Equinor denies that it has any obligation to produce the documents or information referred to in Paragraph 45. Further, the documents or information sought by Plaintiff and referenced in Paragraph 45 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

46. The remaining allegations in Paragraph 46 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Equinor denies Plaintiff is entitled to the relief described in Paragraph 46.

## COUNT I

47. Equinor incorporates its response to Paragraphs 1 through 46 of the Complaint above.

48. The allegations in Paragraph 48 regarding monthly royalty statements attached to the Complaint as Exhibit B purport to describe written documents which speaks for themselves. The remaining allegations of Paragraph 48 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required.

49. The allegations in Paragraph 49 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 49 of the Complaint state conclusions of law to which no response is required.

50. The allegations in Paragraph 50 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 50 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

51. The allegations in Paragraph 51 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 51 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, denied.

52. Denied.

WHEREFORE, Equinor requests that this Court enter judgment on Count I of the Complaint in Equinor's favor and against the Plaintiff, all at Plaintiff's cost.

## COUNT II

53. Equinor incorporates its response to Paragraphs 1 through 52 of the Complaint above.

54. The allegations in Paragraph 54 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The allegations in Paragraph 54 of the Complaint further state conclusions of law to which no response is required. The remaining allegations in Paragraph 54 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required. To the extent a response is required, denied.

55. The allegations in Paragraph 55 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The allegations in Paragraph 55 of the Complaint further state conclusions of law to which no response is required. The remaining allegations in Paragraph 55 relate to Equinor Natural Gas LLC, an entity that is not a party to the lawsuit, and therefore no response is required. To the extent a response is required, denied.

56. The allegations in Paragraph 56 regarding the oil and gas lease attached as Exhibit A purport to describe a written document, which speaks for itself. The remaining allegations in Paragraph 56 of the Complaint state

conclusions of law to which no response is required. To the extent a response is required, denied.

57. The allegations in Paragraph 57 state conclusions of law to which no response is required. To the extent a response is required, denied.

WHEREFORE, Equinor requests that this Court enter judgment on Count II of the Complaint in Equinor's favor and against the Plaintiff, all at Plaintiff's cost.

## **AFFIRMATIVE DEFENSES**

1. Equinor incorporates its responses to Paragraphs 1 through 57 of the Complaint above.

2. All allegations not expressly admitted above are denied.

3. The Complaint fails to state a claim upon which relief may be granted.

4. At all times Equinor has complied with the language of the Lease.

5. At all times Equinor has acted reasonably, prudently, in good faith, and in conformance with applicable statutes, regulations, and standards of the industry.

6. The claims of Plaintiff are barred, in whole or in part, by the provisions of the Lease that govern the payment of royalties.

7. The claims of Plaintiff may be barred, in whole or in part, by the applicable statute of limitations.

8. The claims of Plaintiff may be barred, in whole or in part, by the doctrines of laches, waiver, consent, estoppel, and limitations which affects substantially the making of royalty payments.

9. The claims of Plaintiffs may be barred, in whole or in part, by the doctrines of payment, settlement, release, ratification, accord and satisfaction, and performance.

10. Equinor expressly reserves the right to plead further including the reservation of all affirmative defenses required to be pleaded in its initial pleading.

|  |  |
|---|---|
| Dated: November 5, 2019 | REED SMITH LLP<br><br>/s/ *Nicolle R. Snyder Bagnell*<br>Nicolle R. Snyder Bagnell<br>Pa. ID No. 87936<br><br>Thomas J. Galligan<br>Pa. ID No. 319487<br><br>Reed Smith Centre<br>225 Fifth Avenue<br>Pittsburgh, PA 15222<br>412-288-3131<br>nbagnell@reedsmith.com<br>tgalligan@reedsmith.com<br><br>*Counsel for Equinor USA Onshore Properties Inc.* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served by U.S. First Class Mail, postage-prepaid upon the following:

> Joseph C. Crawford, Esquire
> Hangley Aronchick Segal Pudlin & Schiller
> One Logan Square, 27th Floor
> Philadelphia, PA 19103

Dated: November 5, 2019  /s/ *Nicolle R. Snyder Bagnell*