**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELBOW ENERGY, LLC, | | No. 4:19-CV-01873 |
| Plaintiff, | | (Judge Brann) |
| v. | | |
| EQUINOR USA ONSHORE PROPERTIES, INC., | | |
| Defendant. | | |

**MEMORANDUM OPINION**

**MAY 18, 2020**

Plaintiff Elbow Energy, LLC brings this action for breach of contract arising from a natural gas lease against its lessee, Defendant Equinor USA Onshore Properties, Inc. Elbow Energy now moves to compel production of documents and responses to interrogatories relating to natural gas sales made by Equinor's affiliate, Equinor Natural Gas, LLC (ENG), to unaffiliated third parties.

This case is about which of two possible methods should be used to calculate the royalties Equinor pays to Elbow Energy. The addendum to the lease provides that, when the purchaser is an affiliate of Equinor, Equinor will generally base its royalty payment on the actual price received.[1] Alternatively, the royalty may be calculated based on an average of prices paid by other comparable natural gas

---

[1]   Lease Addendum ¶ 14.1, Doc. 16-2.

purchasers in the area.[2] This alternate calculation method is triggered when Elbow Energy "notifies and provides to [Equinor] three bona fide, arms length transactions documenting the other gas prices" and is contingent on Equinor's verification of the presented terms.[3]

Elbow Energy sent a letter to Equinor with an attached statement of royalties paid to Alta Marcellus Development LLC, a co-owner of the lease at issue, purporting to document fifteen transactions sufficient to trigger the alternate calculation method. Equinor disputed (and continues to dispute) that the Alta royalty statement contained the details necessary to verify that the transactions were sufficiently comparable to trigger the alternate calculation method, and it continued to pay royalties based on the original method. Elbow Energy sued Equinor, alleging breach of contract and seeking an accounting under the lease.

Elbow Energy now moves to compel production of documents and responses to interrogatories relating to the affiliate ENG's sales to unaffiliated third parties. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery to include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery requests are permissible if they are reasonably calculated to discover admissible evidence, although evidence

---

[2]   *See id.*
[3]   *Id.*

need not be in fact admissible to be discoverable.[4] Courts construe the discovery rules liberally.[5]

Elbow Energy contends that the requested documents will show that the terms of ENG's sales are comparable to the terms of the Alta sales, and they will thus purportedly corroborate the sales information in the Alta royalty statements. However, Elbow Energy's claim turns on whether the documents it actually presented to Equinor were sufficient to trigger the alternate calculation method, and Elbow Energy provided Equinor only with the Alta statements. The alternate calculation method could not be triggered by documents that were not presented to Equinor, even assuming that the ENG documents would corroborate the prices reflected in the Alta statements.

Whether the Alta statements *are* sufficient is beyond the scope of this motion.  Assuming they are not, the ENG documents could not cure their deficiencies for purposes of this case.[6]

Further, the ENG documents are unlikely to contain the information needed to address Equinor's objection to the Alta statements. Equinor objects on the ground that the Alta royalty statements do not contain enough information about the terms and conditions of the Alta sales to verify that they were made under

---

[4]   *See Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 149 (M.D. Pa. 2017).
[5]   *See id.*
[6]   If the Alta statements are sufficient to trigger the alternate calculation method, then the requested documents would of course be redundant. I repeat that I do not reach the question of the Alta statements' sufficiency here.

comparable circumstances. ENG's sales documents would not provide that information. Even as a comparator, the information ENG would provide addresses downstream sales, not the wellhead sales that are at issue in the lease.

These documents are not discoverable under Elbow Energy's accounting claim, either. Paragraph 12.1 of the lease addendum permits an annual audit of *Equinor's* books—not its affiliates, such as ENG. Paragraph 12.3, meanwhile, authorizes third parties to produce documents, but it does not impose a duty on Equinor to do so. Documents pertaining to ENG's sales to third parties do not fall within ¶ 12's scope.

For the reasons above, I deny Elbow Energy's motion to compel with regard to Interrogatories 1–3 and Requests for Production 1, 4, 6, and 8–10. Interrogatories 5–8 and Requests for Production 2, 3, and 7, however, ask Equinor to provide contact information for potential witnesses and documents supporting Equinor's opposition to Elbow Energy's interpretation of the lease addendum, rather than ENG's third-party sales. These discovery requests go directly to Elbow Energy's claims and are therefore relevant. I grant Elbow Energy's motion to compel with regard to these particular interrogatories and requests.

Therefore, Plaintiff Elbow Energy's Motion to Compel Answers to Interrogatories and Production of Documents (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge